**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000031
04-AUG-2025
08:12 AM
Dkt. 56 SO**

NO. CAAP-23-0000031

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DARREN SIU, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-22-00496)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

Darren **Siu** appeals from the ***Notice of Entry of Judgment and/or Order and Plea/Judgment*** entered by the District Court of the First Circuit, Honolulu Division on September 7, 2022, November 22, 2022, and December 13, 2022.[1]  We affirm.

At about 11:41 p.m. on April 19, 2022, Joseph **Romero** was at his friend's house in Kalihi Valley.  He "heard a -- a big, loud bang."  His car had been parked on the street.  He went outside.  He saw his car.  "Pretty much the whole left side is all pushed in from the back, and then the car in front of me, I hit the car in front, so my car was smooshed pretty much."

Romero saw two people in a van.  Siu was on the driver's side.  Romero testified, "He tried turning on the car."

---

[1]  The Honorable Alvin K. Nishimura presided.

Siu approached Romero and said, "[D]on't worry, we'll take care of it."

On April 27, 2022, Siu was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1).  He pleaded not guilty.  He moved to suppress his answer ("Yes") to Honolulu Police Department (**HPD**) officer Justin **Nakakuni**'s question, "You were driving?"  The motion was heard on August 31, 2022.  The District Court denied the motion.

Trial was held on August 31 and September 6 and 7, 2022.  Siu did not testify.  He was found guilty as charged. This appeal followed.  Siu states two points of error: (1) the District Court erred by denying his motion to suppress; and (2) there was no substantial evidence to support his conviction.

**(1)**  We review a ruling on a motion to suppress de novo to determine whether the ruling was right or wrong.  State v. Hewitt, 153 Hawaiʻi 33, 40, 526 P.3d 558, 565 (2023).

A person in police custody may not be interrogated without first being given Miranda warnings.  Hewitt, 153 Hawaiʻi at 43, 526 P.3d at 568.  The State doesn't dispute that Siu was not given Miranda warnings before Officer Nakakuni asked if he was driving.  We must determine whether Siu was in custody.

Miranda warnings are required when probable cause to arrest has developed.  Hewitt, 153 Hawaiʻi at 44, 526 P.3d at 569 (citing State v. Ketchum, 97 Hawaiʻi 107, 126, 34 P.3d 1006, 1025 (2001)).  That is a "bright-line rule."  Hewitt, 153 Hawaiʻi at 36, 526 P.3d at 561.  The evidence from the hearing on the motion to suppress did not show that Officer Nakakuni had probable cause to arrest Siu.

Even if police don't have probable cause to arrest, a person is in custody for Miranda purposes if the totality of circumstances — including "the place and time of the interrogation, the length of the interrogation, the nature of the questions asked, the conduct of the police, and all other relevant circumstances" — objectively show the person "was in

2

custody or otherwise deprived of their freedom of action" in a significant way. Hewitt, 153 Hawaiʻi at 45, 526 P.3d at 570 (quoting State v. Patterson, 59 Haw. 357, 361, 581 P.2d 752, 755 (1978)); Miranda v. Arizona, 384 U.S. 436, 444 (1966) (defining "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in a significant way").

In Ketchum the supreme court summarized:

> a person is "in custody" . . . if an objective assessment of the totality of the circumstances reflects either (1) that the person has become impliedly accused of committing a crime because the questions of the police have become sustained and coercive, such that they are no longer reasonably designed briefly to confirm or dispel their reasonable suspicion or (2) that the point of arrest has arrived because either (a) probable cause to arrest has developed or (b) the police have subjected the person to an unlawful "de facto" arrest without probable cause to do so.

97 Hawaiʻi at 126, 34 P.3d at 1025.

In Hewitt the supreme court held that a person receiving medical treatment and unable to leave a place of interrogation is "in custody" if they are not able to terminate the interrogation and cause the police officer to leave. 153 Hawaiʻi at 46, 526 P.3d at 571.

Officer Nakakuni confirmed at the hearing on the motion to suppress that Siu was standing at the scene of the collision with other people who were not police officers. Officer Nakakuni asked Siu, "You were driving?"

Siu responded, "Yes."

State's Exhibit 1, a portion of a video from Officer Nakakuni's body-worn camera, was admitted into evidence. The video shows Siu standing next to a man in a jacket over a white shirt. Siu walks away from the other man. Officer Nakakuni asks him, "you were driving?" Siu responds, "yes."

Siu also testified at the hearing. As soon as the collision occurred he called his friend and asked to be picked up. Four of his friends came. He spoke to other HPD officers at

3

the scene before speaking to Officer Nakakuni. Siu testified the officers "wouldn't allow me to leave. They just asked me to stay." He wasn't handcuffed. He wasn't forced to say anything to Officer Nakakuni.

Here, the totality of the evidence from the hearing on Siu's motion to suppress shows Siu was not in custody when he answered Officer Nakakuni's question. Siu was at the scene of the collision, shortly after it happened. He had been asked to remain at the scene but was not physically restrained and was standing with a friend, not a police officer. He had not been "deprived of his freedom of action in a significant way." Officer Nakakuni's single question was neither sustained nor coercive. Under these circumstances, the District Court was right to deny the motion to suppress.

**(2)** We apply a deferential standard when reviewing the sufficiency of evidence to support a conviction:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010).

The elements of Operating a Vehicle Under the Influence of an Intoxicant are:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

HRS § 291E-61 (2020).

At trial, Romero testified he saw Siu in the driver's side of the van that had collided with his parked car. Siu approached him and said, "[D]on't worry, we'll take care of it."

At the scene, Officer Nakakuni asked Siu, "you were driving?"

Siu responded, "yes."

Officer Nakakuni smelled a strong odor of alcohol while he was about two feet away from Siu, with no one else around. Siu's eyes were watery. His speech was slurred.

HPD officer Kevin Chun also saw that Siu "had some glossy [sic] eyes." He was about "2 to 3 feet away" from Siu. The smell of alcohol was coming from Siu, who was "kinda unsteady on his feet."

Officer Nakakuni administered the standardized field sobriety test to Siu. Siu said he understood Officer Nakakuni's instructions for the horizontal and vertical gaze nystagmus tests, but he wasn't able to follow directions despite multiple tries. On the walk-and-turn test, Siu said he understood Officer Nakakuni's instructions, but "was unable to keep his balance. His steps were off the line and staggered." On the one-legged stand, Siu "was not able to keep his balance, he fell off balance multiple times[.]" Officer Nakakuni "had to terminate the test" because of his concern about Siu "falling down and injuring himself."

The trial evidence, considered in the strongest light for the prosecution, was sufficient to support the conviction for Operating a Vehicle Under the Influence of an Intoxicant in violation of HRS § 291E-61(a)(1).

The *Notice of Entry of Judgment and/or Order and Plea/Judgment* entered by the District Court on September 7, 2022, November 22, 2022, and December 13, 2022, is affirmed.

DATED: Honolulu, Hawaiʻi, August 4, 2025.

On the briefs:

Alen M. K. Kaneshiro,
for Defendant-Appellant.

Brian Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge